**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**

ATTORNEY FOR APPELLANT:

**BRYAN M. TRUITT**
Bertig & Associates, LLC
Valparaiso, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**IAN McLEAN**
Deputy Attorney General
Indianapolis, Indiana



FILED

May 25 2012, 9:15 am

CLERK
of the supreme court,
court of appeals and
tax court

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| JEREMY KYLE EVERHART, | ) | |
| | ) | |
| Appellant-Defendant, | ) | |
| | ) | |
| vs. | ) | No. 64A04-1105-CR-253 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Plaintiff. | ) | |

APPEAL FROM THE PORTER SUPERIOR COURT
The Honorable Mary R. Harper, Judge
Cause No. 64D05-0905-FB-5057

**May 25, 2012**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Jeremy Everhart appeals several aspects of his convictions of and sentences for Class B and Class C felony child molesting. As his appeal was not timely filed, we dismiss for lack of jurisdiction.

## FACTS AND PROCEDURAL HISTORY

The trial court sentenced Everhart to an aggregate sentence of sixteen years for Class B and Class C felony child molesting on April 5. On May 11, Everhart filed his motion for belated appeal and his belated notice of appeal.

## DISCUSSION AND DECISION

Pursuant to Ind. Appellate Rule 9(A)(1), a party must initiate an appeal within thirty days of the entry of final judgment. Pursuant to App. R. 9(A)(5), the right to appeal is forfeited unless the notice of appeal is timely filed, except as provided by Indiana Post-Conviction Rule 2, which states a defendant may "petition the trial court for permission" to file a belated notice of appeal of the conviction or sentence if certain criteria are met. The trial then "shall permit the defendant to file the belated notice of appeal." P-C R. 2(1)(c).

Everhart's appeal was due May 7, 2011. He filed a motion for belated appeal and belated notice of appeal on May 11, 2011. The record does not indicate whether the trial court granted Everhart's motion to file a belated appeal. Without the establishment of that fact, we do not have jurisdiction because Everhart's appeal was not timely. Accordingly, we dismiss.

Dismissed.

FRIEDLANDER, J., and BARNES, J., concur.

2